1  JAYME C. LONG (SBN 202867)
   jayme.long@us.dlapiper.com
2  **DLA PIPER LLP (US)**
   2000 Avenue of the Stars
3  Suite 400 North Tower
   Los Angeles, California 90067-4704
4  Tel:    310.595.3000
   Fax:    310.595.3300
5

6  STEPHANIE PEATMAN (SBN 299577)
   stephanie.peatman@us.dlapiper.com
7  **DLA PIPER LLP (US)**
   550 South Hope Street, Suite 2400
8  Los Angeles, California 90071-2618
   Tel:    213.330.7700
9  Fax:    213.330.7701

   Attorneys for Defendant
10 **3M COMPANY**

11
                    **UNITED STATES DISTRICT COURT**
12
                    **NORTHERN DISTRICT OF CALIFORNIA**
13

14 | GARY D. HAECK and         | CASE NO. 3:23-cv-00045 |
   | ELIZABETH A. HAECK,       |                         |
15 |                           | **DEFENDANT 3M COMPANY'S** |
   |         Plaintiffs,       | **NOTICE OF REMOVAL**   |
16 |                           |                         |
   |      v.                   |                         |
17 |                           | *[Removed from the Alameda Superior Court, Case No. 22CV011503]* |
   | ASBESTOS COMPANIES; *et al.*, |                     |
18 |                           |                         |
   |         Defendants.       |                         |
19

TO:   THE CLERK OF THE COURT, PLAINTIFFS, AND PLAINTIFFS' ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant 3M Company ("3M") hereby removes this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This action was originally filed in the Superior Court of the State of California for the County of Alameda and assigned Case No. 22CV011503. The grounds for this removal are set forth herein:

## BACKGROUND

1. On May 18, 2022, Plaintiffs Gary D. Haeck and Elizabeth A. Haeck (collectively, "Plaintiffs") filed their initial complaint (the "Initial Complaint") with the Superior Court of the State of California for the County of Alameda (the "Alameda Superior Court"), alleging that Mr. Haeck developed malignant mesothelioma as a result of exposure to asbestos from approximately the 1970's through the 1990's while employed as a boilermaker at numerous job sites in various western states, including California. *See* Ex. A. In the Initial Complaint, Plaintiffs named 32 defendants. At that time, 3M was not named as a defendant in Plaintiffs' action. *Id*.

2. Plaintiffs are asserting causes of actions for strict liability, negligence, and fraud. *Id*. Mrs. Haeck has also filed a claim for loss of consortium. *Id*. Plaintiffs are seeking economic and non-economic damages, punitive damages, as well as costs, fees, and interest. *Id*.

3. On July 21, 2022, Plaintiffs filed a motion for trial preference, and requested a trial date within 120 days. *See* Ex. B. On August 12, 2022, the Alameda Superior Court granted Plaintiffs' motion for trial preference, and trial was set for December 5, 2022. *Id*.

4. On August 9, 2022, Plaintiff served their Initial Complaint on defendant Hudson Products Corporation ("Hudson"). On September 20, 2022, 3M was served with the First Amended Complaint, which identified 3M as a previous Doe defendant. *See* Ex. C. As a result, 3M filed a Motion to Quash Service of Summons (the "Motion to Quash"), or, alternatively, a Motion to Vacate Preference Trial Date (collectively, the "Motions"), in which Hudson joined. *See* Ex. D; E. On November 8, 2022, the Alameda Superior Court heard the Motions. *See* Ex. F. While the Alameda Superior Court denied the Motion to Quash, it ordered that 3M and Hudson shall be severed from

the December 5, 2022 trial date, and scheduled a severed trial for March 20, 2023. *Id*. On November 14, 2022, 3M filed its answer to Plaintiff's First Amended Complaint, denying each and every allegation. *See* Ex. G.

5. As of the date of filing this Notice of Removal, all defendants to this action, **but** 3M and Hudson, have resolved their case with Plaintiffs. *See* Ex. H; I. Thus, 3M and Hudson are the only remaining defendants in this case. *Id*.

## BASIS FOR REMOVAL

**I. Removal is Proper Because This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. §§ 1332 and 1441(b).**

6. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs.

**a. There is Complete Diversity of Citizenship Among the Parties.**

7. Plaintiffs are both citizens of the State of Washington. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, Plaintiffs' responses to Joint Defense Interrogatories provide that Plaintiffs reside in Anacortes, Washington. *See* Ex. J.

8. For diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters provided that the headquarters is the actual center of direction, control and coordination, i.e., the 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Here, 3M is incorporated in Delaware and its principal place of business is located in Minnesota. Hudson is incorporated also in Delaware and its principal place of business is located in Texas.

9. Hence, there is complete diversity between the Plaintiffs and defendants 3M and Hudson.

### b. The Amount in Controversy Requirement is Satisfied.

10. To determine the amount in controversy, courts look first to the plaintiff's state court petition. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Scherer v. The Equitable Life Assurance Soc'y of the United States*, 347 F.3d 394, 398 (2d Cir. 2003). There is a rebuttable presumption that the face of the complaint is a good-faith representation of the "actual amount in controversy," and "[t]o overcome the face-of-the-complaint presumption, the party opposing jurisdiction must show to a legal certainty that the amount recoverable does not meet the jurisdictional threshold." *Id*. (internal quotation marks and citations omitted).

11. While Plaintiffs' Initial Complaint and First Amended Complaint does not expressly state a sum of money damages, it is apparent from the face of both complaints that the amount in controversy is well in excess of $75,000, exclusive of interest and costs, especially since Plaintiffs are also seeking punitive damages. *See* Ex. A; C. Indeed, a "defendant's notice of removal need include only a ***plausible allegation*** that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). (emphasis added).

## II. 3M Has Satisfied the Procedural Requirements for Removal.

12. 28 U.S.C. § 1446(b)(3) provides "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." In *Harris v. Bankers Life & Casualty Company*, the court pointed out that § 1446 "provides two thirty-day windows during which a case may be removed — during the first thirty days after the defendant receives the initial pleading or ***during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable*** if the case stated by the initial pleading is not removable." 453 F. 3d 689, 692 (9th Cir. 2005) (emphasis added).

13. On December 7, 2022, Plaintiffs notified the Alameda Superior Court that they had resolved their case with defendant Foster Wheeler and as such there was no need to proceed with

the December 5, 2022 trial. *See* Ex. H. As of December 7, 2022, the only two defendants remaining are 3M and Hudson and the case has thereby become removable. *See* Ex. H; I. Accordingly, this Notice of Removal is timely filed.

14. Hudson has consented to removal. *See* Ex. K.

15. Both Plaintiffs and defendants 3M and Hudson are subject to personal jurisdiction in California. As set forth above, Plaintiffs allege that California was one of the four states where Mr. Haeck worked with or around asbestos-containing products that led to the alleged exposure to asbestos. *See* Ex. A; C. As to 3M and Hudson, both conduct business in the State of California.

16. This action is being removed "to the district court of the United for the district and division embracing the place where such action is pending," pursuant to 28 U.S.C. § 1441(a).

17. No previous application has been made for the removal requested herein.

18. After filing this Notice of Removal, 3M will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of the Alameda Superior Court in accordance with 28 U.S.C. § 1446(d).

19. True and correct copies of all process, pleadings, and orders served on the defendants in the action pending in Alameda Superior Court are attached hereto as Exhibits.

## **NON-WAIVER OF DEFENSES**

20. By removing this action from Alameda Superior Court, 3M does not waive any defenses available to it.

21. By removing this action from Alameda Superior Court, 3M does not admit any of the allegations in Plaintiffs' Initial Complaint and First Amended Complaint.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, 3M request the above action now pending in Alameda Superior Court, be removed to this Court.

Dated:  January 4, 2023

Respectfully submitted,

DLA PIPER LLP (US)
Jayme C. Long
Stephanie Peatman

By: */s/ Jayme C. Long*
    Jayme C. Long

By: */s/ Stephanie Peatman*
    Stephanie Peatman

Attorneys for Defendant
**3M COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically filed the documents listed below with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail notice list. I hereby certify that there are no non-CM/ECF participants indicated on the Manual Notice list.

Executed on January 4, 2023, at Los Angeles, California.

          *s/ Alicia Prado*
          Alicia Prado