UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY HAECK, et al.,<br><br>   Plaintiff,<br><br> v.<br><br>3M COMPANY, et al.,<br><br>   Defendants. | Case No. 23-cv-00045-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND GRANTING IN PART MOTION FOR FEES AND COSTS**<br><br>Docket Nos. 25, 26 |

Plaintiffs are Gary and Elizabeth Haeck. Mr. Haeck is suffering from malignant pleural mesothelioma after being exposed to asbestos for decades. Plaintiffs filed suit in state court against more than thirty defendants, including 3M Company ("3M"), alleging strict products liability, negligence, fraud, and loss of consortium. After Plaintiffs resolved their claims against all Defendants except 3M and one additional company, 3M removed this case to federal district court based on diversity jurisdiction.

Currently pending before the Court are Plaintiffs' motion to remand the case back to state court and motion for fees and costs. The Court previously found the motions suitable for resolution on the papers and therefore **VACATED** the hearing originally scheduled for March 2, 2023. Plaintiffs' motion to remand is hereby **GRANTED** and the motion for fees and costs is **GRANTED** in part.

   **I.  FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiffs initiated this suit in California state court in May 2022, originally naming more than thirty defendants. The parties do not dispute that Plaintiffs were diverse from Defendants.

---

[1] The parties do not dispute the following facts unless otherwise noted.

1    However, four of the named defendants in the original complaint were California citizens (*i.e.*,
2    they were incorporated in California and/or had their principal place of business in California):
3    Allied Fluid Products Corp. ("Allied Fluid"); J.T. Thorpe & Son, Inc. ("J.T. Thorpe"); PG&E; and
4    Southern California Edison Company ("SoCal Ed."). *See* Stewart Decl., Exs. 7–14 (interrogatory
5    responses). Furthermore, shortly after filing suit, Plaintiffs named a fifth California Defendant,
6    Triple A Machine Shop, Inc. ("Triple A"). *See* Stewart Decl., Ex. 1 (amendment naming Doe
7    Defendants); Stewart Decl., Ex. 16 (interrogatory responses). Because of the five California
8    Defendants identified above, removal was prohibited by the forum defendant rule. *See* 28 U.S.C.
9    § 1441(b)(2) (proscribing removal, unless consented to by the plaintiff, if federal jurisdiction is
10   based exclusively on diversity of citizenship and "any of the parties in interest properly joined and
11   served as defendants is a citizen of the State in which such action is brought").[2]

12   In August 2022, the state court granted Plaintiffs' motion for an expedited trial on account
13   of Mr. Haeck's age and his terminal cancer. *See* Not. of Removal, Ex. B (state court order). The
14   state court set the trial for December 5, 2022. *See id.*

15   Subsequently, Plaintiffs filed their First Amended Complaint ("FAC") in which they
16   identified 3M as a Defendant. 3M moved to quash or, in the alternative, to vacate the December 5,
17   2022 trial date as to them. *See* Not. of Removal, Ex. D (motion). Hudson, another Defendant,
18   joined the motion. *See* Not. of Removal, Ex. E. The state court denied the motion to quash but
19   severed 3M and Hudson from the December trial and set their trial for several months later, in
20   March 2023. *See* Not. of Removal, Ex. F (state court order). The state court continued to move
21   forward with the December trial for the unsevered defendants.

22   On November 30, 2022, Plaintiffs filed a "Proposed Statement of the Case" for the
23   December trial. Although 3M had been severed from the December trial, it was still served with a
24   copy of Plaintiffs' proposed statement. *See* Stewart Decl., Ex. 20 (Proposed Statement of the
25   Case). In that document, Plaintiffs stated that "Defendants are Foster Wheeler Corporation, J.T.
26   Thorpe & Son, Inc., and Honeywell International, Inc." *Id.* By listing only those three

---

[2] The parties do not dispute that, even after Plaintiffs added new defendants to the case, there continued to be complete diversity between Plaintiffs and Defendants.

1   Defendants, the Proposed Statement of the Case implicitly suggested that some resolution had
2   been reached with the other Defendants originally set for trial on December 5, 2022 – including all
3   California Defendants other than J.T. Thorpe.  *See id.*  In fact, settlements had been reached with
4   three of the five California Defendants: PG&E, SoCal Ed., and Triple A.  In addition, a fourth
5   California Defendant, Allied Fluid, had been granted summary judgment on the merits over
6   Plaintiffs' objection.  *See* Stewart Decl. ¶¶ 40-41.  Notwithstanding such, because J.T. Thorpe still
7   remained in the case as of November 30, 2022, the forum defendant rule continued to bar removal.
8   *See* 28 U.S.C. § 1441(b)(2).

9   Just a few days later, on December 2, 2022, Plaintiffs filed an "Agreed Joint Statement of
10  the Case" for the December trial.  As above, the statement was served on 3M.  *See* Stewart Decl.,
11  Ex. 21 ("Agreed Joint Statement of the Case").  In the document, Plaintiffs now stated that
12  "Defendant is Foster Wheeler Corporation."  The fact that J.T. Thorpe was no longer identified as
13  one of the Defendants going to trial seemed to suggest that a resolution had been reached with J.T.
14  Thorpe as well, the last remaining California Defendant.[3]  *See id.*  On the same day, a case
15  management conference was held in the state court.  Counsel for 3M and Hudson were present at
16  the conference.  *See* Stewart Decl., Ex. 22 (Tr. at 2-3).  At the conference, the state court
17  confirmed that Foster Wheeler was the only Defendant left for trial on December 5.  *See* Stewart
18  Decl., Ex. 22 (Tr. at 5).

19  Several days thereafter, on December 7, 2022, Plaintiffs sent an email to the state court,
20  informing it that they had settled with Foster Wheeler, and thus there would be no need to proceed
21  with the December trial (although 3M and Hudson remained set for trial in March 2023).  *See* Not.
22  of Removal, Ex. H (email).  Counsel for 3M and Hudson were copied on the email.  *See id.*

23  Less than one month later, on January 4, 2023, 3M removed the case from state to federal
24  court with the consent of Hudson.  *See* Not. of Removal.  In the Notice of Removal, 3M stated that
25  Plaintiffs had resolved their claims against all parties except 3M and Hudson, that complete
26  diversity existed between Plaintiffs and the remaining Defendants, and that the amount-in-

---

[3] The Joint Statement of the Case would also suggest resolution was reached with Honeywell, but Honeywell is irrelevant for the present motion.

1 controversy exceeded $75,000.  *See id.*

## II. DISCUSSION

A. Legal Standard

A defendant can remove an action to federal court if the federal district court could have exercised original jurisdiction over the action.  28 U.S.C. § 1441(a).  Federal district courts have original jurisdiction over civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The Ninth Circuit has "long held that 'removal statutes should be construed narrowly in favor of remand to protect the jurisdiction of state courts.'"  *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 764 (9th Cir. 2022) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  "The defendant has the burden of proving by a preponderance of the evidence that the requirements for removal jurisdiction have been met."  *Id.* at 746 (citing *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014)).  "[R]emovability is generally determined as of the time of the petition for removal."  *Local Union 598, Plumbers & Pipefitters Indus. Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

B. Plaintiffs' Argument

Plaintiffs offers three arguments in favor of remand.  First, they argue that 3M's notice of removal was insufficiently pled – *e.g.*, because 3M failed to establish how the December 7, 2022 email (on which 3M relied as the basis for removal) showed that the case had become removable and because 3M did not adequately allege that the amount in controversy exceeded $75,000.  *See* Mot. at 5–7.

Second, Plaintiffs assert that the forum defendant rule precludes removal.  *See id.* at 7–11.  According to Plaintiffs, although four of the five California Defendants settled their claims, their citizenship still counts because they were not formally dismissed from the suit at the time that 3M removed.  *See id.*  Even if that were not so, Plaintiffs contend that the dismissal of the fifth California Defendant—Allied Fluid—was "involuntary" because Plaintiffs objected to the grant of

4

summary judgment in state court, and, therefore, Allied Fluid's citizenship is still pertinent for purposes of the forum defendant rule. *See id.*

Finally, Plaintiffs contend that, even if the action was removable, removal was untimely because 3M knew on December 2, 2022, that all the claims against the California Defendants had been resolved (thereby removing the forum defendant rule as an obstacle to removal), and thus removal had to happen by January 3, 2023. *See id.* at 11–12. Because 3M did not file the notice of removal until January 4, 2023, removal was untimely.

For purposes of this order, the Court assumes, in 3M's favor, that notice of removal was sufficiently well pled. Nevertheless, remand is warranted for the reason discussed below.

C. <u>The Forum Defendant Rule and Voluntary/Involuntary Dismissal</u>

As noted above, Plaintiffs contend that the forum defendant rule precludes 3M's removal. Under that rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title [*i.e.*, diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). According to Plaintiffs, because they had sued five California Defendants, 3M was barred from removing the case.

In response, 3M asserts that, even if a case at the outset is not removable, it can become removable. Title 28 U.S.C. § 1446(b)(3) provides: "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). 3M contends that the instant action became removal once four of the five California Defendants settled their dispute with Plaintiffs and the fifth, Allied Fluid, was granted summary judgment.

Plaintiffs protest that 3M still cannot evade the forum defendant rule. They contend that settlement without formal dismissal does not suffice to eliminate PG&E, SoCal Ed., Triple A, and J.T. Thorpe from the case, and thus their California citizenship continues to bar removal. In addition, Plaintiffs maintain that the state court order granting summary judgment in favor of

5

1  Allied Fluid was "involuntary" from Plaintiffs' perspective (*i.e.*, because they contested the
2  summary judgment motion on the merits), so that Allied Fluid's California citizenship also bars
3  removal.

4  For purposes of this order, Court need only entertain latter issue—whether the grant of
5  summary judgment in favor of Allied Fluid means that its citizenship should not be counted. If its
6  citizenship should be counted, then Allied Fluid's presence alone prevents removal under the
7  forum defendant rule.

8  Whether Allied Fluid's citizenship counts turns on what is known as the
9  "voluntary/involuntary" rule. Under that rule, a case that is nonremovable based on the pleadings
10 only becomes removable if a plaintiff takes a *voluntary* action that eliminates the jurisdictional or
11 statutory barriers to removability. *See Self v. Gen. Motors Corp.*, 588 F.2d 655, 657–59 (9th Cir.
12 1978) (taking note of the Supreme Court's development of "the "voluntary-involuntary" rule
13 which requires that a suit remain in state court unless a "voluntary" act of the plaintiff brings about
14 a change that renders the case removable). For example, if a plaintiff voluntarily dismisses a
15 diversity-defeating defendant, the remaining defendants may remove the case to federal court. *See*
16 *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 101 (1898) (holding that the time period to
17 remove begins only after complete diversity is established). However, when a defendant barring
18 removal is dismissed on the merits over the objection of the plaintiff (*i.e.*, the dismissal is
19 involuntary from the perspective of the plaintiff), the case does not become removable. *See*
20 *Whitcomb v. Smithson*, 175 U.S. 635, 636 (1900) (holding that a case does not become removable
21 when complete diversity is established by directed verdict because that is involuntary).

22 Courts have offered two rationales for the voluntary/involuntary rule. The first rationale is
23 predicated on the plaintiff being the master of her own complaint. *See* 16 Moore's Fed. Prac. &
24 Proc. § 107.140. As the Supreme Court noted in *Great N. Ry. Co. v. Alexander*:

25 > The obvious principle of these [voluntary/involuntary rule] decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable

6

> when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, In invitum, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

246 U.S. 276, 281–82 (1918); *see also* Moore's § 107.140 (noting that, under this rationale, "if the plaintiff voluntarily decides to drop non-diverse defendants, or change domicile, . . . the plaintiff presumably is no longer insistent on keeping the action in the state courts and the action is removable").

The second rationale for the voluntary/involuntary rule is that

> the rule contributes to judicial economy. Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court.

*Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992).

Importantly, the Ninth Circuit has expressly adopted the voluntary/involuntary rule and endorsed the first justification for it. *See Self*, 588 F.2d at 659. 3M concedes such. 3M argues, however, that the Court should disavow the voluntary/involuntary rule because it is an atextual limitation on the plain language of 28 U.S.C. § 1446(b)(3), which provides that a defendant may ascertain that a case has become removable via, among other means, an "order." 28 U.S.C. § 1446(b)(3). A strict reading § 1446(b)(3), 3M presses, permits a state court order to make a case removable even if that "order "is issued over the objection of the plaintiff, so § 1446(b) must have abrogated the voluntary/involuntary rule when it was codified in 1949.

The problem, as 3M admits, is that the Ninth Circuit rejected this very argument in *Self*. *See* Opp'n at 16; *Self*, 588 F.2d at 658 n.4 (stating that "[t]he voluntary-involuntary rule was not altered" by the amendment of § 1446(b) in 1949). Ninth Circuit precedent on point is binding on this Court. It is also binding on the Ninth Circuit absent reversal of the rule by the Supreme Court or the Ninth Circuit sitting en banc.

3M seeks to overcome *Self*, characterizing the Ninth Circuit's reasoning as a passing statement that did not involve a "meaningful presentation or analysis of the issue." Opp'n at 18. Not so. *Self* substantiated its conclusion using the legislative history of § 1446(b), which

7

expressly preserved the voluntary/involuntary rule as first developed in *Powers*:

> [T]he amendment to subsection (b) [of § 1446] is intended to make clear that the right of removal may be exercised at a late state of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. **This is declaratory of the existing rule laid down by the decisions. (*See for example*, *Powers v. Chesapeake etc., Ry. Co.*, 169 U.S. 92.)**

2 U.S. Code Cong. Serv. 1268, 81st Cong., 1st Sess. (1949) (emphasis added). The Ninth Circuit has not since overruled *Self*, Congress has not passed any law superseding the voluntary/involuntary rule, and "every court of appeals that has addressed the voluntary/involuntary rule has held that it survived the enactment of section 1446(b)." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992) (citing cases from the Second, Fourth, Fifth, Eighth, Ninth, and Tenth Circuits). Thus, this Court declines 3M's invitation to eschew such a well-settled legal rule and ignore binding Ninth Circuit precedent.

Under *Self*, resolution of this case is straightforward. The state court granted summary judgment on the merits in favor of Allied Fluid. *See* Stewart Decl. ¶ 41. That grant was over the objection of Plaintiffs, so it was not voluntary.[4] *See id.* Absent a waiver by Plaintiffs, Allied Fluid's California citizenship blocks removal under the forum defendant rule. *See* 28 U.S.C. § 1446(b)(3). Removal was therefore improper.

D.      Motion for Fees and Costs

Because the Court is remanding this case, it must now turn to Plaintiffs' motion for fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 139 (2005). "[T]he test [for determining the objective reasonableness of a fee award] is whether the relevant case law clearly foreclosed the

---

[4] The involuntary nature of the resolution of claims against Allied Fluid bars removal under the forum defendant rule *regardless* of whether a final judgment was entered in Allied Fluid's favor before the notice of removal was filed.

8

1    defendant's basis of removal." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir.
2    2008). "[D]istrict courts retain discretion to consider whether unusual circumstances warrant a
3    departure from the rule in a given case." *Martin*, 545 U.S. at 141.
4       In the case at bar, Plaintiffs ask for $21,000 in fees and costs (representing 42 hours of
5    work at $500/hour). They contend that 3M had no "objectively reasonable basis for seeking
6    removal" because the forum defendant rule clearly applied and 3M disregarded it.[5]
7       In support of their argument, Plaintiffs point to a number of cases in which courts in the
8    Ninth Circuit have awarded fees and costs where removal violated the forum defendant rule. *See,*
9    *e.g.*, *Mendoza v. Yu*, No. 21-CV-08632-TSH, 2022 WL 17862 at *2 (N.D. Cal. Jan. 3, 2022)
10   (awarding fees where "[t]he Court can find no objectively reasonable basis for [defendant] to seek
11   removal . . . as it was clearly barred by the forum defendant rule"); *Open Text Inc. v. Beasley*,
12   2021 WL 3261614, at * 6 (N.D. Cal. 2021) (awarding fees where "[a]t the time that [defendant]
13   removed the case to this Court . . . [she] directly contravened the clear prohibition of the forum
14   defendant rule"). The Court agrees that fees are warranted in this case given that there was Ninth
15   Circuit authority directly on point establishing that the forum defendant rule applied to the instant
16   action. And notably, in *Self*, the Ninth Circuit has rejected the very arguments 3M advances here.
17      Success on one argument does not automatically, however, entitle Plaintiffs to the entirety
18   of their fee request. Indeed, "[t]his Court has previously found that fees expended raising complex
19   and unnecessary issues, while overlooking more straightforward grounds for remand, were not
20   reasonably incurred." *JOHN CHASE, et al., Plaintiffs, v. KIA MOTORS AMERICA, INC., et al.,*
21   *Defendants*, No. 22-CV-09082-JCS, 2023 WL 2212873 at *12 (N.D. Cal. Feb. 24, 2023); *see also*

---

[5] Plaintiffs also argue that they are entitled to fees for two other reasons: (1) 3M failed to file a well-pled notice of removal and (2) 3M's notice of removal was not timely filed. Both of these arguments were also made as part of the motion to remand. The Court did not decide either of these arguments as part of the remand motion. However, it is skeptical of the first. As for the second, even though it is not lacking in merit, the standard for fees requires that the removing defendant lack an objectively reasonable basis for removal. Furthermore, the Ninth Circuit has held that, under 28 U.S.C. § 1446(b)(3), "it may first be ascertained that the case is one which is or has become removable" only when "a paper makes a ground for removal unequivocally clear and certain." *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1091 (9th Cir. 2021) (internal quotation marks omitted). Here, although Plaintiffs contend that the thirty-day clock to remove unambiguously started on December 2, 2022, the Court is not persuaded that the record was as clear cut as Plaintiffs assert.

*PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-01264 WHA, 2015 WL 3866892 (N.D. Cal. June 22, 2015) (granting only partial fees because the required filings should have been "boiler plate" and did not require 8 hours of work). Plaintiffs here needed only point to *Self* to show that the forum defendant rule clearly precluded removal. And there appears no substantial basis for expecting a reversal of the voluntary/involuntary rule given the unanimity of the decisions from the appellate courts.

However, the resources expended arguing that (1) 3M's notice of removal was not sufficiently well-pled and that (2) removal was untimely did not prevail and were not necessary to the Court's decision. Moreover, as indicated in note 5, *supra*, the merits of those two arguments are questionable. Having reviewed the requested amount for accuracy and reasonableness, the Court finds that 10 hours work at $500 per hour is reasonably compensable to defeat removal. Accordingly, the Court grants fees and costs in the amount of $5,000.

### III.    CONCLUSION

For the foregoing reasons, the Court hereby grants Plaintiffs' motion to remand and grants in part Plaintiffs' motion for fees and costs. Fees and costs in the amount of $5,000 are awarded.

This order disposes of Docket Nos. 25 and 26.

**IT IS SO ORDERED**.

Dated: March 1, 2023

_____
EDWARD M. CHEN
United States District Judge